[No. 2306.  Decided September 30, 1896.]

B. A. MUNSON, *Appellant*, v. GEORGE MUDGETT, *County Treasurer, Respondent.*

COUNTIES — INTEREST COUPONS ON BONDS — WARRANTS — PRIORITY OF PAYMENT.

Under Gen. Stat., § 2681, providing that interest coupons on the bonded indebtedness of counties should rank as warrants upon the general fund, the holder of county warrants issued subsequent thereto and subsequent to the act of 1893 (Laws 1893, p. 250, § 2), providing that " all warrants drawn on the funds of the county shall be redeemed by the treasurer in the order of their issuance," is not entitled to have his warrants paid as long as there are insufficient funds to meet any interest coupons that may be due.

Where interest coupons upon county bonds are by their terms payable at a designated time and require no presentation for the purpose of fixing the time and order of payment, their payment cannot be postponed and the rights of the holders subordinated to those of the holders of county warrants subsequently issued.

Appeal from Superior Court, Spokane County.— Hon. JESSE ARTHUR, Judge.  Affirmed.

*James Hopkins*, for appellant.

*B. N. Carrier*, for respondent.

21—15 WASH.

The opinion of the court was delivered by

GORDON, J.— This was an application in the lower court for a writ of mandate. The affidavit for the writ states that the appellant was, on the 17th of July, 1896, the owner of certain warrants drawn on the general county fund of Spokane county, aggregating $322.30; that on that day he presented said warrants to the respondent (county treasurer) and demanded payment thereof; that although the respondent had on hand, belonging to said general fund, sufficient funds wherewith to pay the same, payment was refused.

In answer to the alternative writ the respondent set up that on January 1, 1892, Spokane county, pursuant to authority conferred under the act of March 21, 1890, issued and sold its bonds amounting to $183,000; that said bonds draw interest at six per cent. per annum, payable on the 1st day of January of each year, in accordance with interest coupons attached thereto; that said bonds and coupons were prior in date and issue to the relator's warrants; and the inability of respondent to pay both the interest and the warrants because of insufficient funds. The court below denied the writ and dismissed the suit at relator's cost, from which he has appealed.

The only question for determination is whether the interest coupons are entitled to priority of payment over appellant's warrants. As already stated, the bonds and coupons were issued prior to the date of the issuance of relator's warrant's. Sec. 8, of the act of March 21, 1890 (§ 2681, Vol. 1, Hill's Code), is as follows :

"The coupons hereinbefore mentioned for the payment of interest on said bonds shall be considered for all purposes as warrants drawn upon the general fund

of the county issuing bonds under the provisions of this chapter, and when presented to the treasurer of the county issuing such bonds, and no funds are in the treasury to pay the said coupons, it shall be the duty of the treasurer to indorse said coupons as presented for payment, in the same manner as county warrants are indorsed, and thereafter said coupons shall bear interest at the same rate as county warrants so presented and unpaid." .

Sec. 2 of the act of March 10, 1893 (Laws 1893, p. 250), provides :

" All warrants drawn on the funds of the county shall be redeemed by the treasurer in the order of their issuance."

We are unable to determine from the record whether relator's warrants were issued before or subsequent to the passage of the act last referred to; but in aid of the presumption of regularity which attends all judgments of a court of record, we would be bound to presume that the warrants were issued subsequent to the passage of said act, and upon that assumption we think that the judgment was right.

Independent of this consideration, we think the judgment must be sustained upon the further ground that the interest coupons were by their terms payable at a designated time, and required no presentation for the purpose of fixing the time and order of payment, and that appellant received his warrants with full knowledge of the outstanding bonds and their conditions. It is not unreasonable to presume that the certainty of payment of the interest at the times fixed by the contract was an element tending to enhance the market value of the bonds, and that the county was enabled thereby to obtain the money upon more favorable terms than it could have otherwise done.

Our conclusion is that payment of the interest coupons cannot be postponed and the rights of the holders subordinated to those of the holders of warrants subsequently issued.

The judgment is affirmed.

HOYT, C. J., and DUNBAR, J., concur.